## MILLER v. DUNN.

### No. 11,288; July 15, 1886.

#### 11 Pac. 604.

**Taxation—Power to Tax for Void Debt.**—The legislature in California has no constitutional power to tax the people to pay a void debt. So held where, after the courts had declared unconstitutional and void the act of April 23, 1880, entitled "An act to promote drainage," the legislature attempted to pass another act on March 10, 1885, providing for the payment of indebtedness incurred under said act of April 23, 1880.

APPEAL from Superior Court, County of Sacramento.

D. M. Delmas for appellant; A. L. Hart for respondent.

MYRICK, J.—Under a contract made in pursuance of the act of April 23, 1880, entitled "An act to promote drainage" (Stats. 1880, p. 123), the plaintiff performed work and furnished material, and his claim therefor was audited and allowed by the state board of drainage directors, as provided for in the act. That act was declared unconstitutional by this court: People v. Parks, 58 Cal. 624. On the 10th of March, 1885, an act was approved to appropriate money to pay the indebtedness incurred under the act of April 23, 1880, which act of March 10, 1885, provided for the payment of all audited claims out of the state drainage construction fund, so far as that fund was sufficient, the remainder to be paid out of the general fund. The controller refused to issue his warrant for the amount of plaintiff's allowed claim, and this action for a writ of mandate was brought. The court below ordered the writ to issue.

43

It is not averred in the complaint, nor does it appear in the case, that any moneys were collected under sections 15 and 16 of the act of April 23, 1880; therefore we are not called upon to consider the power of the legislature to dispose of any funds so collected. We treat the case as if the whole amount was directed by the act of March 10, 1885, to be paid out of the general fund of the state treasury.

The constitution, article 4, section 32, declares that the legislature shall have no power "to pay, or to authorize the payment of, any claim against the state, or any county or municipality, under any agreement or contract made without express authority of law; and all such unauthorized agreements or contracts shall be null and void." This court declared the act of April 23, 1880, to be unconstitutional; therefore it was void, and the contract made in pursuance of it was also void. The legislature was and is prohibited from paying or authorizing to be paid, any claim under it.

The argument that there was a statute in the statute book which authorized the contract, and that it is sufficient to take plaintiff's claim out of the prohibition of the constitution, is not of apparent force. It was said by this court in Nougues v. Douglass, 7 Cal. 70: "If, then, the legislature had no right to create a state debt beyond the limit fixed by the constitution, that body has no constitutional right to tax the people to pay a void debt. The power of taxation for purposes contemplated by the constitution is unlimited in the legislature, but such power does not exist for purposes not sanctioned by that instrument, but expressly prohibited. The restriction upon the power of the legislature would be nugatory if the same end could be accomplished by other modes. The evil intended to be prevented would still exist, and the injury to the people would be the same. If the power to create a debt is denied, the power to levy taxes to pay it must equally be denied. The power to pay is a necessary incident to the power to contract, and they both must stand or fall together."

We do not perceive how the legislature can authorize the payment of moneys which it is prohibited from authorizing to be paid.

The judgment is reversed and cause remanded.

We concur: McKinstry, J.; Ross, J.